# United States Court of Appeals
## For the First Circuit

No. 02-1284

SOUTH SHORE HOSPITAL, INC., D/B/A SOUTH SHORE HOSPITAL
TRANSITIONAL CARE CENTER,

Petitioner, Appellee,

v.

TOMMY G. THOMPSON, SECRETARY OF HEALTH AND HUMAN SERVICES,

Respondent, Appellant.

ERRATA SHEET

The opinion of this Court issued on October 16, 2002 is corrected as follows:

1.  At the end of the paragraph on page 11, line 2, add new footnote 4.

> 4.After this opinion had gone to the printers, a divided panel of the Fourth Circuit issued a contrary decision on a case very similar to this one. Md. Gen. Hosp., Inc. v. Thompson, No. 01-2012, 2002 WL 31254029 (4th Cir. Oct. 9, 2002) (rejecting Paragon and holding the Secretary's interpretation of 42 C.F.R. § 413.30(e)(2) to be inconsistent with what it deemed to be the regulation's unambiguous language). We have given that opinion careful consideration but find it unpersuasive.

2.  Replace former footnote 5 (which will now be footnote 6), on page 16, with the following:

> 6.The Hospital and the Secretary have called to our attention through successive post-argument letters, see Fed. R. App. P. 28(j); 1st Cir. R. 28(j), the Board's recent decisions in four other cases, including Mercy

Med. SNF v. Mut. of Omaha Ins. Co., No. 97-0135, 2002 WL 1906219 (PRRB Aug. 7, 2002). In these matters, the Board, relying in large part on the district court's opinion in this case, rejected the Secretary's interpretation of the new provider exemption. See, e.g., id. at *17. However, the Secretary, exercising his discretion under 42 U.S.C. § 1395oo(f)(1), subsequently granted reconsideration and reversed the Board's determination in Mercy Med. See Mercy Med. SNF v. Mut. of Omaha Ins. Co., No. 2002-D31 (CMS Admin. Oct. 8, 2002) (citing Paragon, 251 F.3d at 1150-51, with approval). We presume that the Secretary will reverse the other three Board decisions in due course. Consequently, we cede deference to the Secretary's determination, not the Board's, as the definitive statement of the agency's position. See 42 U.S.C. § 1395oo(f)(1); see also Anaheim Mem'l Hosp. v. Shalala, 130 F.3d 845, 850-51 (9th Cir. 1997).

3.    Change the numbers of all the succeeding footnotes accordingly.